

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-83,765-01

**EX PARTE MATTHEW SCOTT MCGRATH, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS**
**CAUSE NO. 5331A IN THE 8TH DISTRICT COURT**
**FROM RAINS COUNTY**

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to murder, and was sentenced by the trial court to seventy-five years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *McGrath v. State*, No. 12-13-00128-CR (Tex. App. — Tyler, April 23, 2014) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

because counsel failed to investigate Applicant's mental condition, failed to have Applicant evaluated for competency, failed to investigate and present evidence regarding Applicant's family members' motivation for telling Applicant that the victim had molested them, failed to challenge the voluntariness of Applicant's statement to the arresting officer, and failed to move to withdraw Applicant's plea when it was discovered that Applicant could not receive deferred adjudication community supervision from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall detail the investigation performed in this case. Trial counsel shall state whether he ever saw any indication that Applicant may have been incompetent to enter a plea, or legally insane at the time of the offense, and if so, whether trial counsel moved to have Applicant evaluated for competency and sanity. Trial counsel shall state whether there was any basis upon which to challenge the admissibility of Applicant's statement to authorities, and if so, whether trial counsel considered filing a motion to suppress. Trial counsel shall state whether, when it was discovered that Applicant could not receive deferred adjudication from the trial court, he moved to withdraw Applicant's open plea of guilty. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with the trial records, including a transcript of the plea and punishment proceedings, and any motions filed and ruled on prior to the entry of the plea. The trial court shall then make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 16, 2015
Do not publish